UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| SONNY DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:22-cv-00172-JPH-DLP |
| | ) |
| ASHBA, | ) |
| STEVENS, | ) |
| JOBE, | ) |
| FRANK VANIHEL, | ) |
| WADHWAN, | ) |
| ROBERT CARTER, JR., | ) |
| INDIANA DEPARTMENT OF CORRECTIONS, | ) |
| SARAH CLARKE, | ) |
| BONNER, | ) |
| CENTURION, | ) |
| M. SHEPARD, | ) |
| WAINMAN, | ) |
| | ) |
| Defendants. | ) |

**Order Directing Severance of Claims and Directing Service of Process on Dr. Bonner**

Plaintiff Sonny Davis is currently incarcerated at Westville Correctional Facility. He filed this civil action after he was abruptly removed from his psychiatric medication and a variety of injuries followed at Wabash Valley Correctional Facility. His complaint includes unrelated claims against different defendants. However, "[u]nrelated claims against different defendants belong in different suits." *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017) (quoting *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)). To remedy this misjoinder of claims, the deliberate indifference and malpractice claim alleged against Dr. Bonner shall proceed in this action and the remaining claims shall be severed at Mr. Davis's request consistent with the terms set forth below.

1

## I. Summary of Misjoined Claims

The complaint alleges unrelated claims against eleven defendants. Defendant Dr. Bonner allegedly removed Mr. Davis from his needed psychiatric medications after a single tele-health evaluation. Mr. Davis suffered severe withdrawals and ultimately felt suicidal. This claim shall proceed in this action.

Sarah Clarke allegedly removed Mr. Davis from suicide watch, where he was later found with a shirt tied around his neck. After Mr. Davis was returned to suicide watch, Ms. Clark was determined to make him suffer by having his clothing exchanged for a suicide smock. She also ordered that his mattress be removed from 7:00 a.m. every morning until 9:00 p.m. every night. Ms. Clarke is retaliating against Mr. Davis because he filed a complaint against her in 2019.

Sgt. Ashba allegedly assaulted Mr. Davis with the OC fogger "for absolutely no reason" on two occasions. Dkt. 1 at p. 7-8. Captain Wadhawan authorized this use of force on at least one occasion. In addition, Officers Shepard and Wainman fabricated conduct reports to justify the use of OC spray. The conduct reports were dismissed because the video evidence contradicted them.

Officers Shepard, Wainman, Jobe, and Stevens allegedly failed to intervene when Mr. Davis was mistreated with OC spray and when he was denied a mattress and blanket despite the cold temperatures.

Centurion allegedly has a policy of 1) torturing individuals having a mental health crisis by forcing them to sleep on the floor and freeze without a mattress and blanket and 2) denying suicide watch to those that inform staff they are suicidal.

Warden Vanihel, Commissioner Carter, and the Indiana Department of Correction have a policy of permitting staff to assault inmates who pose no threat. In addition, Warden Vanihel allegedly knew that Mr. Davis's cell had bugs.

Mr. Davis seeks expungement of his conduct history. He seeks termination of certain defendants' employment and one million dollars in money damages.

## II. Severance of Claims

The claims identified above include unrelated claims against different defendants. These claims belong in different suits. *See Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017); *see also Antoine v. Ramos*, 497 F. App'x 631, 635 (7th Cir. 2012) (stating "district court should have rejected [plaintiff's] attempt to sue 20 defendants in a single lawsuit raising claims unique to some but not all of them") (citing *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012)); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011).

Rule 18(a) of the *Federal Rules of Civil Procedure* provides that "[a] party asserting a claim to relief as an original claim, . . . may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Joinder of the defendants into one action is proper only "if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a). In short, the courts do not allow an inmate to treat a single federal complaint as a sort of general list of grievances. *Mitchell v. Kallas*, 895 F.3d 492, 502–03 (7th Cir. 2018) ("Out of concern about unwieldy litigation and attempts to circumvent the [Prison Litigation Reform Act's] PLRA's fee requirements, we have urged district courts and defendants to beware of 'scattershot' pleading strategies.").

The allegations that Dr. Bonner stopped Mr. Davis psychiatric medications "cold turkey" after a single tele-health appointment leading to severe withdrawal symptoms and suicidal idealization are sufficient to state an Eighth Amendment and Indiana malpractice claim. 28 U.S.C. § 1915A. These claims shall proceed in this action.

All other claims are misjoined. In such a situation, "[t]he court may . . . sever any claim against a party." Fed. R. Civ. P. 21. The misjoined claims shall either be severed into new actions or dismissed without prejudice. *See Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000). The plaintiff is the master of his complaint and shall be given the opportunity to determine which course is followed. *Myles v. United States,* 416 F.3d 551, 552 (7th Cir. 2005) (noting that the composition and content of the complaint are entirely the responsibility of the plaintiff, for "even *pro se* litigants are masters of their own complaints and may choose who to sue-or not to sue").  If new actions are opened, the plaintiff will be responsible for the filing fee associated with each new case. In addition, the screening requirement of 28 U.S.C. § 1915A(b) will be triggered for each new case. As always, the plaintiff should consider whether to file any particular civil action.

The plaintiff shall have **through November 17, 2022,** in which to **notify the Court** whether he wishes the Court to sever any claims identified above into new actions, and if so, he must identify which claims against which defendants he wants to proceed. If there were additional claims raised in the original complaint that the Court failed to identify, the plaintiff may identify those claims and they will be severed. If the plaintiff fails to so notify the Court, the misjoined claims will be considered abandoned and will be dismissed without prejudice.

### III. Service of Process on Dr. Bonner

The **clerk is directed** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendant Dr. Bonner in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt [1],

applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

Dr. Bonner is understood to be a Centurion employee or contractor. The **clerk is directed** to serve Dr. Bonner, a Centurion employee electronically. A copy of this Order and the process documents shall also be served on Centurion electronically. Centurion is ORDERED to provide the full name and last known home address of Dr. Bonner if he does not waive service if it has such information. This information may be provided to the Court informally or may be filed ex parte.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 10/21/2022

                                                   *James Patrick Hanlon*
                                                 James Patrick Hanlon
                                                 United States District Judge
                                                 Southern District of Indiana

Distribution:

Electronic service to Centurion
       Dr. Bonner

SONNY DAVIS
128888
WESTVILLE - CF
WESTVILLE CORRECTIONAL FACILITY
WESTVILLE, IN 46391
Electronic Service Participant – Court Only