UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| SONNY DAVIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:22-cv-00172-JPH-MKK ) |
| BONNER, | ) ) ) |
| Defendant. | ) |

**ORDER GRANTING UNOPPOSED MOTION FOR SUMMARY JUDGMENT**

Sonny Davis, who is in Indiana Department of Correction custody, brought this action against Defendant Dr. Bonner for discontinuing his mental health medication. Dr. Bonner has moved for summary judgment. Mr. Davis has not responded, and the time to do so has passed. Because no reasonable jury could find from the undisputed evidence that Dr. Bonner was deliberately indifferent to Mr. Davis's mental health, the motion for summary judgment, dkt. [28], is **GRANTED**.

### I.   Summary Judgment Standards

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Once the moving party has met its burden, "the burden shifts to the non-moving party to come forward with specific facts showing that there is a genuine issue for trial." *Spierer v. Rossman*, 798 F.3d 502, 507 (7th Cir. 2015). A disputed fact is material if it

might affect the outcome of the suit under the governing law. *Williams v. Brooks*, 809 F.3d 936, 941–42 (7th Cir. 2016).

The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Valenti v. Lawson*, 889 F.3d 427, 429 (7th Cir. 2018). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the factfinder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014).

The Court considers assertions in the parties' statements of facts that are properly supported by citation to admissible evidence. S.D. Ind. L.R. 56-1(e). Where, as here, a non-movant fails to rebut assertions of fact in the motion for summary judgment, those facts are "admitted without controversy" so long as support for them exists in the record. S.D. Ind. L.R. 56-1(f); *see* S.D. Ind. L.R. 56-1(b) (party opposing judgment must file response brief and identify disputed facts); *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (district court may apply local rules to deem facts unopposed on summary judgment). Additionally, the Court has no duty to search or consider any part of the record not specifically cited in the statements of facts. S.D. Ind. L.R. 56-1(h). "Even where a non-movant fails to respond to a motion for summary judgment, the movant 'still ha[s] to show that summary judgment [i]s proper given the undisputed facts.'" *Robinson*, 1 F.4th at 483.

## II.   Undisputed Facts

Mr. Davis was in custody at Wabash Valley Correctional Facility in April 2022. Dkt. 29-2 at 2, ¶ 5. On April 5, he had a telehealth appointment with Dr. Bonner to review his medications. *Id.*, ¶ 6.

At the time of the appointment, Mr. Davis had active prescriptions for Abilify, Cogentin, and Effexor. *Id.* at 4, ¶ 10. Abilify is an antipsychotic used to treat schizophrenia, obsessive compulsive disorder, and bipolar disorder, and occasionally used as an add-on treatment in major depressive disorder, tic disorders, and irritability associated with autism. *Id.*, ¶ 11. Cogentin is used to treat movement disorders like parkinsonism and dystonia. *Id.* at 5, ¶ 13. It is also used to treat involuntary movements, which are a side effect of certain psychiatric medications. *Id.* Effexor is an antidepressant. *Id.*, ¶ 15.

Before the April 5 appointment, Mr. Davis had an exclusive active diagnosis of anti-social personality disorder. *Id.* at 3, ¶ 7. Anti-social personality disorder, by definition, excludes schizophrenia or bipolar disorder as explanations for the patient's anti-social behavior. *Id.*, ¶ 8. Dr. Bonner conducted an evaluation and assessment at the appointment, and he saw no signs or symptoms of psychosis or schizophrenia. *Id.* at 3–4, ¶ 9. Mr. Davis did get angry during the appointment, but Dr. Bonner found Mr. Davis's behavior consistent with the existing diagnosis of anti-social personality disorder. *Id.*

Based on his assessment and review of Mr. Davis's mental health history, Dr. Bonner concluded that continued prescriptions of Abilify and Cogentin were not indicated. *Id.* at 4–5, ¶¶ 11, 13. Mr. Davis's existing

3

prescription for Abilify "represented the low end of the recommended starting and target dose." *Id.* at 4, ¶ 12. Similarly, his Cogentin prescription was "near the low end of the dosage range." *Id.* at 5, ¶ 14. Termination of these medications did not present a significant risk of withdrawal symptoms. *Id.* at 4–5, ¶¶ 12, 14. Dr. Bonner therefore informed Mr. Davis at the April 5 appointment of his plan to discontinue these two prescriptions. *Id.*, ¶¶ 11, 13.

At the same appointment, Dr. Bonner recommended increasing the dosage of Mr. Davis's Effexor prescription, which was also at the lowest available dose at the time. *Id.* at 5–6, ¶¶ 15, 17. Mr. Davis had reported experiencing stress and anxiety to Dr. Bonner, and Dr. Bonner believed Effexor would help him cope with those feelings. *Id.* Mr. Davis refused this suggestion and ultimately demanded to be taken off all medications, including Effexor. *Id.* at 6, ¶ 16. Dr. Bonner did not believe this was the best course of action, but he also believed that Mr. Davis would waste or misuse any further Effexor doses. *Id.* Because of Mr. Davis's demand to end the prescription, Dr. Bonner did not believe that tapering would be effective. *Id.* at 6–7, ¶ 17.

In the days following the appointment with Dr. Bonner, Mr. Davis threatened self-harm and started a fire in his cell. Dkt. 29-1 at 12. He was placed on suicide watch on April 8, 2022. Dkt. 29-3 at 1. He reported to prison staff that he was "using this as a way to get a transfer." Dkt. 29-1 at 12. Mr. Davis later told a nurse, in an attempt to convince her to release him from suicide watch, "I can just come back down here once I get my legal mail. . . . I chose to come down here last week, and I can choose to come down here

4

again." *Id.* at 21. Mr. Davis was removed from suicide watch on April 13, 2022. Dkt. 29-3 at 13.

On April 21, 2022, Mr. Davis reported to mental health staff that he had won a legal settlement that included a transfer to a different facility. Dkt. 29-1 at 31.

On April 29, Mr. Davis had a follow-up visit with Dr. Bonner. *Id.* at 33. Mr. Davis continued to insist he was psychotic, but Dr. Bonner disagreed and explained that Mr. Davis did not meet the criteria for psychosis. *Id.* Dr. Bonner again recommended resuming Effexor at an increased dosage, and Mr. Davis agreed. *Id.* at 34.

Mr. Davis refused a follow up visit scheduled with Dr. Bonner on May 25, 2022. Dkt. 29-2, ¶ 22. He was transferred to Miami Correctional Facility the next day. *Id.*

### III.   Discussion

Mr. Davis contends that Dr. Bonner was deliberately indifferent to the risk of withdrawal symptoms when he discontinued Mr. Davis's three mental health prescriptions on April 5, 2022. Dr. Bonner contends that he exercised medical judgment at all times and was not deliberately indifferent to a serious risk of harm.

#### A.   Eighth Amendment Standards

"Prison officials can be liable for violating the Eighth Amendment when they display deliberate indifference towards an objectively serious medical need." *Thomas v. Blackard*, 2 F.4th 716, 721–22 (7th Cir. 2021). To prevail on a

5

deliberate indifference claim, "a plaintiff must show (1) an objectively serious medical condition to which (2) a state official was deliberately, that is subjectively, indifferent." *Johnson v. Dominguez*, 5 F.4th 818, 824 (7th Cir. 2021) (cleaned up).

Deliberate indifference requires more than negligence or even objective recklessness. *Id.* "A plaintiff must provide evidence, either direct or circumstantial, to prove deliberate indifference." *Brown v. Osmundson*, 38 F.4th 545, 550 (7th Cir. 2022). "Of course, medical professionals rarely admit that they deliberately opted against the best course of treatment. So in many cases, deliberate indifference must be inferred from the propriety of their actions." *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 241 (7th Cir. 2021) (cleaned up). "[A] jury can infer deliberate indifference when a treatment decision is so far afield of accepted professional standards as to raise the inference that it was not actually based on a medical judgment." *Id.* (cleaned up).

**B.    Application**

Here, no reasonable jury could find from the undisputed evidence that Dr. Bonner was deliberately indifferent to Mr. Davis's condition.

Dr. Bonner reviewed Mr. Davis's medical history and assessed his mental health during a telehealth visit on April 5, 2022. Dkt. 29-2 at 3–4, ¶ 9. Based on this review and assessment, Dr. Bonner concluded that Mr. Davis did not suffer from schizophrenia or any condition for which Abilify or Cogentin were indicated as appropriate treatments. *Id.* at 4–5, ¶¶ 11–14. Dr. Bonner also

6

assessed the risk of withdrawal symptoms and concluded that Mr. Davis would not face significant withdrawal risks. *Id.* Mr. Davis has not presented any evidence from which a jury could find that Dr. Bonner failed to conduct a proper assessment or otherwise failed to exercise reasonable medical judgment. Based on this evidence, no reasonable jury could find that Dr. Bonner was deliberately indifferent for discontinuing the Abilify and Cogentin prescriptions.

Nor could a reasonable jury find that Dr. Bonner was deliberately indifferent for discontinuing Mr. Davis's Effexor prescription after Mr. Davis demanded to be taken off of all medications. Dr. Bonner knew and considered the withdrawal risk based on discontinuing Effexor. *Id.* at 6–7, ¶ 17. The risks for Mr. Davis were reasonably low, in part because Mr. Davis had been taking the lowest available dose. *Id.* Moreover, Dr. Bonner reasonably believed that Mr. Davis would not take any prescribed Effexor, as Mr. Davis had demanded to discontinue the prescription. *Id.* at 6, ¶ 16. In light of this evidence, no reasonable jury could conclude that Dr. Bonner's decision to discontinue Effexor altogether was deliberately indifferent. *See Blankenship v. Birch*, 590 Fed. Appx. 629, 633 (7th Cir. 2014) ("[W]hen a prisoner chooses not to receive treatment, including pain medication prescribed by a doctor, the doctor is not deliberately indifferent.").

The undisputed evidence demonstrates that Dr. Bonner exercised reasonable medical judgment throughout his treatment of Mr. Davis, and no reasonable jury could find otherwise. Dr. Bonner is therefore entitled to summary judgment on Mr. Davis's Eighth Amendment deliberate indifference claim.

7

## IV.  Conclusion

Dr. Bonner's motion for summary judgment, dkt. [28], is **GRANTED**.

Final judgment in accordance with this Order shall now issue.

**SO ORDERED.**

Date: 3/28/2024

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

SONNY DAVIS
128888
WESTVILLE – CF
WESTVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only